[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO REARGUE AND/OR OPEN OR SET ASIDE JUDGMENT AND/OR AMEND JUDGMENT TO FIND UNFAIR TRADE PRACTICE
The motion to reargue and/or set aside the court's judgment is denied. The motion is untimely because it was not filed within twenty days of the court's decision and no timely appeal has been filed. See P.B. Sec. 63-1. The plaintiffs advanced no reasons justifying reopening of the judgment under Practice Book § 17-4, Moreover, substantially for the reasons outlined in the defendant's objection to the motion to reargue, the substantive arguments made in the motion are meritless.
The court found that "Carroll's actions are simply too remote and incidental to any conceivable "trade or commerce" conducted by him in order for plaintiffs to establish a CUTPA violation." This finding was based on the court's review of the totality of Carroll's actions and activities, which included, but was not CT Page 8906 limited to, the fact that the parties were not business competitors. This finding is reasonably based on the require and does not require reconsideration.
Lastly, the plaintiffs argument that the court applied an incorrect legal standard in determining damages is clearly frivolous. The "ascertainable loss" requirement is a threshold requirement limiting the class of people who may maintain a CUTPA action. There is no question that the plaintiffs may maintain the action. In order to acquire compensatory relief, however, the plaintiffs must prove that the defendant's actions proximately caused them "actual damages". See C.G.S. Sec. 42-110 (g). The court found that the plaintiffs "failed to establish any "actual" damages sufficient to allow a compensatory recovery under CUTPA." This finding is reasonably supported in the record and does not require reconsideration.
Therefore, the motion to reargue and/or set aside the judgment is denied.
Dated August 6, 1998.
Stevens, J. Judge of the Superior Court